KANEB ENERGY
COMPANY, Petitioner,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.

No. 86–4415.

United States Court of Appeals,
Fifth Circuit.

April 21, 1987.

---

Everard A. Marseglia, Jr., Houston, Tex., for petitioner.

JoAnn Leveque, Jerome Feit, Sol., F.E. R.C., Washington, D.C., Joshua Z. Rokach, for respondent.

Before CLARK, Chief Judge, THORNBERRY, and HIGGINBOTHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

## Facts

In 1984, Kaneb Energy Company [1] drilled the No. 1–D and No. 4 wells in the Four League Bay Field in Terrebonne Parish, Louisiana. It completed the No. 1–D well on March 26, 1984, and began sales of gas from that well in April 1984. It completed the No. 4 well at a depth of 16,200 feet on April 2, 1984, but sold gas from that completion only during that month, after which the well was plugged. On June 15, 1984, Kaneb recompleted the No. 4 well at 15,000 feet and began sales of gas from that completion during July. On all of those sales, Kaneb collected the maximum lawful price for new natural gas under section 102 of the Natural Gas Policy Act (the "NGPA"). 15 U.S.C. § 3312.

Before charging the section 102 price, a producer must file an application with the responsible state agency for a determination that the gas qualifies under section 102. 18 C.F.R. § 273.202 (1986). Kaneb filed the required applications for the No. 1–D and No. 4 wells several months after it had already begun to collect the section 102 price. Absent adjustment relief, therefore, Kaneb must refund the difference between the NGPA section 102 price collected before the applications were filed and the otherwise applicable NGPA price.

Kaneb requests adjustment relief based on the fact that its employee responsible for filing the well category applications had presenile dementia, a condition causing brain dysfunction and lapses of memory. Although Kaneb claims that it learned of the illness in June 1984, it did not discover the employee's mistake until September 1984. The Director of the Office of Pipeline and Producer Regulation (the "Director") denied Kaneb's request for adjustment relief, *Kaneb Production Co.*, 32 FERC ¶ 62,581 (1985), and the Federal Energy Regulatory Commission (the "FERC") affirmed the Director. *Kaneb Production Co.*, 34 FERC ¶ 61,300 (1986). Kaneb petitions this court to review the FERC's order denying it relief. We affirm.

## Discussion

Kaneb argues that the FERC based its ruling on a presumption of internal mismanagement and that substantial evidence does not support a factual finding of internal mismanagement. *See Shell Oil v. FERC*, 707 F.2d 230, 235 (5th Cir.1983); *Air Products & Chemicals, Inc. v. FERC*, 650 F.2d 687, 695 (5th Cir.1981). The FERC clearly stated the rationale for its decision in its supplemental order:

Adjustment relief is not granted to protect a firm from human error or internal mismanagement. In the present case, Kaneb has not satisfied its burden of demonstrating that the failure to make the required well category filings was due to factors beyond the firm's control, rather than internal mismanagement.

As a general rule, the Commission considers the performance of a firm's employees to be a matter within that firm's control. Firms have an obligation to exercise the supervisory control over their employees necessary to ensure compliance with relevant regulatory requirements, including the need to file well category applications. In this case Kaneb has failed to demonstrate any basis

---

1. Kaneb Energy Company is the successor to Kaneb Production Company, which was former-ly Moran Exploration, Inc. We refer to the firm simply as Kaneb.

**Page 1085**

to excuse Moran Exploration's failure to exercise that supervisory control. It is true that Moran Exploration's employee responsible for making the filings may, without its knowledge, have suffered from presenile dementia during the time the applications should have been filed. Nevertheless, it appears that Moran Exploration was a sufficiently large company that it could, and should, have established some system of supervision or management controls to insure that the required filings would be made.

*Kaneb Production Co.*, 37 FERC ¶ 61,006 (1986) (supplemental order) (footnotes omitted).

Kaneb argues that the FERC held it to a standard of strict compliance, which was arbitrary and capricious because it lacked a rational basis and was contrary to the FERC's own precedent. Kaneb argues that section 502(c) of the NGPA, 15 U.S.C. § 3412, which provides for adjustments "to prevent special hardship, inequity or an unfair distribution of burdens," is inconsistent with a standard of strict compliance.

The FERC, however, did not deny Kaneb relief because it required strict compliance. The FERC denied Kaneb relief because it determined that the employee's mistake, regardless of the cause, was not beyond Kaneb's control and therefore did not satisfy the standard for relief under section 502(c). That approach both is rational and comports with FERC precedent.

In *Gusher Oil & Gas Co.*, 26 FERC ¶ 62,075 (1984), the Director granted relief to a one-man company because the owner and sole-employee had a nearly fatal motorcycle accident. The Director found that "Mr. Maxey, and thus Gusher, was prevented from submitting the application for well category determination by circumstances completely beyond his control." *Id.* at 63,143 (footnote omitted). *Gusher* does not apply to this case because the Kaneb employee's failure to file could not be beyond Kaneb's control when Kaneb has more than one or two employees.

The Director also granted relief in *Phillips & Spradley*, 21 FERC ¶ 62,240 (1982). One of Phillips' wells caught fire and Phillips drilled a replacement well to help fight the fire. Because of the fire, Phillips also had to start delivering gas from the replacement well before it could make the proper filing. On those facts, the Director held that Phillips began deliveries before the proper filing because of the fire emergency, which was beyond its control.

In both *Gusher* and *Phillips & Spradley*, factors beyond the firm's control prevented it from making the required filings. Kaneb had the burden to allege facts entitling it to relief. Kaneb alleged simply that one of its employees had neglected the filing because he suffered from presenile dementia and that, although aware of his condition in June 1984, Kaneb did not discover his mistake until September 1984. That allegation, which the FERC took as true, does not entitle Kaneb to relief under either *Gusher* or *Phillips & Spradley*. In an organization larger than one or two people the incapacity of one employee is not beyond the firm's control. Moreover, Kaneb did not allege that any external factor, such as the fire in *Phillips & Spradley* prevented it from checking the employee's work.

The cases in which the FERC has denied requested relief more closely resemble Kaneb's case. In *J-3 Oil Company*, J-3 requested relief when its employee in charge of NGPA filings did not make certain filings because of outside personal pressures. 25 FERC ¶ 62,247 (1983). The Director stated, "It was not the Commission's regulations which caused J-3 the hardship it alleges; rather, it was its own internal problems which presented J-3 with difficulty. This is not a sufficient basis for an adjustment under NGPA section 502(c)...." *Id.* at 63,448. Similarly in *Shar-Alan Oil Company*, Shar-Alan requested relief because its employee, who had terminal cancer, failed to make the proper filing. 25 FERC ¶ 62,100 (1983) (Order of Director), *aff'd*, 26 FERC ¶ 62,050 (1984) (Proposed Order of Presiding Officer Affirming Director's Order), *aff'd*, 27 FERC ¶ 61,097 (1984) (Commission Order Adopting Proposed Order). The Director stated that Shar-Alan failed to show "that the circumstances were such that it had no control over them. Shar-Alan's problems

stemmed from an unfortunate internal situation, beyond the purview of the Commission. The outcome would be no different if an employee were merely incapable of handling the job, and failed to perform the duties assigned." *Id.* at 63,202. The FERC's decision comports with its precedent.

Kaneb argues that the FERC erred because it did not consider the fact that its purchaser (who will receive the refund) did not oppose the relief. The FERC responds that it has an institutional interest in assuring that producers have incentives to structure their activities to insure regulatory compliance. "[T]here are several important broad policy considerations which support the enforcement of the Commission's filing requirements. Since these considerations extend beyond the narrow and particularized issues of this case, it would be an unwise practice to allow them to be vitiated here simply through a private agreement among the parties." *Shar-Alan,* 26 FERC ¶ 62,050 at 63,086 (1984) (Proposed Order of Presiding Officer Affirming Director's Order). Again, the FERC's decision both is rational and comports with its precedent.

Kaneb also complains that the FERC issued a supplemental order, which expanded on the size distinction between Kaneb's case and *Gusher Oil,* without allowing Kaneb to participate. *Kaneb Production Co.,* 37 FERC ¶ 61,006 (1986) (supplemental order). According to Kaneb, the FERC took notice of certain facts about Kaneb's size from its SEC filings, and those facts are "not completely accurate."

It is not the law that an agency may never rely on data in its files, or on public information, in rendering a decision. Section 556(e) of the APA recognizes that agency decisions often will rest on official notice of material facts not appearing in the record evidence. However, the statute requires that a party shall have an opportunity to rebut such evidence. Thus, an agency should either disclose the contents of what it relied upon or, in the case of publicly-available information, specify what is involved in sufficient detail to allow for meaningful adversarial comment and judicial review. A caveat placed upon this rule is that the mere fact that an agency has looked beyond the record without opportunity to a party for rebuttal does not invalidate its action unless substantial prejudice is shown to result. *Air Products,* 650 F.2d at 697 (citations omitted). Assuming that the FERC violated that rule by taking notice of Kaneb's SEC filings, Kaneb must still show substantial prejudice. Kaneb never explains, however, how the facts that the FERC recited in its supplemental order are inaccurate. As long as Kaneb is larger than the one-man operation in *Gusher* and as long as there were no external problems like the fire in *Phillips,* Kaneb's exact size is irrelevant. Moreover, Kaneb had the burden to prove facts entitling it to relief. The FERC's precedent clearly states the general rule that employee errors, regardless of their cause, will not justify relief. Kaneb, therefore, had the burden to prove that it fit within the facts of *Gusher.* Kaneb has never argued that it is a one-man operation. It cannot show any prejudice.

### Conclusion

Kaneb's arguments have no merit. The FERC's decision is correct in light of its prior precedent. *Shar-Alan* and *J-3 Oil* clearly stated that employee mistakes will not justify adjustment relief whether the mistakes result from illness or simply incompetence.

AFFIRMED.