861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
WILLISTON BASIN INTERSTATE PIPELINE COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
ARCO Oil and Gas Company, Intervenor.
 No. 87-1777.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 31, 1988.
 
 Before STARR and BUCKLEY, Circuit Judges, and THOMAS PENFIELD JACKSON*, District Court Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the petition for review of orders of the Federal Energy Regulatory Commission and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the petition for review is hereby denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15 (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Williston Basin Interstate Pipeline Company petitioned FERC for an adjustment, under section 502(c) of the Natural Gas Policy Act of 1978, 15 U.S.C. Sec. 3412(c), from application of FERC's Orders Nos. 99,338, and 338-A. See Order No. 338-A, 33 FERC p 61,175 (1985); Order No. 338, 48 Fed.Reg. 46,268 (Oct. 12, 1983); Order No. 99, "Regulations Covering High-Cost Natural Gas Produced from Tight Formations," 45 Fed.Reg. 56,034 (Aug. 22, 1980). Section 502(c) provides, in pertinent part, that the Commission "shall, by rule, provide for the making of such adjustments ... as may be necessary to prevent special hardship, inequity, or an unfair distribution of burdens." 15 U.S.C. Sec. 3412(c); see 18 C.F.R. Secs. 385.1101, 385.1108.
 
 
 5
 The requested adjustment would, if granted, relieve Williston from payment to ARCO Oil and Gas Co. of the incentive price applied to "tight formation" natural gas. Any obligation to pay the maximum price allowed under section 107(c) of the NGPA, 15 U.S.C. Sec. 3317(c), would arise out of the contract negotiated between Williston and ARCO dated July 30, 1962, and amended for purposes relevant to this case on December 8, 1981, see Brief for Petitioner at 5-6. That contract is the subject of ongoing litigation in the Texas state courts.*
 
 
 6
 The Commission, however, denied Williston's petition. See Order Dismissing Complaint and Denying Petition for Adjustment, Williston Basin Interstate Pipeline Co. v. ARCO Oil and Gas Co., 37 FERC p 61,159 (1986), J.A. at 409; Order Denying Rehearing, Williston Basin Interstate Pipeline Co. v. ARCO Oil and Gas Co., 41 FERC p 61,063 (1987), J.A. at 574. Williston petitioned for review of the Commission's denial. We uphold that denial.
 
 
 7
 In our view, the Commission reasonably exercised its discretion in interpreting the statute and implementing regulations governing the grant of adjustments. FERC reasoned that "[i]f the contract [between Williston and ARCO] is determined to permit or require retroactive payments, it is the contract which causes the special hardship and/or inequity and not the regulations." Order Dismissing Complaint and Denying Petition for Adjustment, supra, J.A. at 412. In accord with section 502's concern with relieving hardship caused by any Commission "rule or order ... having the applicability and effect of a rule," 15 U.S.C. Sec. 3412(a); see id. Sec. 3412(c); 18 C.F.R. Sec. 385.1101; the Commission focused on the proximate cause of the hardship complained of by Williston. FERC concluded, reasonably in our view, that it need not adjust its order when only Williston's own business decision to subject itself to potentially higher prices in consideration for benefits provided by the contract would most directly cause the harm that Williston is now seeking to avoid. In examining whether the party seeking relief particularly controlled the conditions underlying the petition for adjustment, the Commission quite properly limited the scope of its essentially equitable powers under section 502(c). Accord Kaneb Energy Co. v. FERC, 814 F.2d 1083, 1085 (5th Cir.1987) ("The FERC denied Kaneb relief because it determined that the employee's mistake, regardless of the cause, was not beyond Kaneb's control and therefore did not satisfy the standard for relief under section 502(c). That approach both is rational and comports with FERC precedent."); Gusher Oil & Gas Co., 26 FERC p 62,075 (1984); Phillips & Spradley, 21 FERC p 62,240 (1982).
 
 
 8
 The reasoning supporting the Commission's denial of the adjustment can also be recast in terms of FERC's permissible interpretation of the criteria which would trigger the adjustment power: "special hardship, inequity, or an unfair distribution of burdens." 15 U.S.C. Sec. 3412(c); see 18 C.F.R. Sec. 385.1108. In this case, Williston asserts, in effect, that great hardship has befallen it. But that hardship, the Commission could reasonably conclude, is the product of Williston's own bargain with ARCO, rather than the "special hardship" criterion found in the statute and implementing regulation. Nor do we discern any of the traditional concerns that FERC should view as calling forth the beneficent power of equity to ameliorate the force of hard-edged legal rules. An informed but, in retrospect, possibly poor exercise of business judgment--as opposed to factors such as coercion, misfortune without responsibility, bad faith, deception, or the absurd application of an overbroad rule--threatens Williston with unwanted liability for high gas prices. Indeed, the ability (and responsibility) of parties to control and structure their own contractual affairs (with important exceptions carved out for certain coerced, mismatched, or mistaken parties) is fundamental to the law of contract. Cf. Kaneb Energy Co., supra, 814 F.2d at 1085 (and cases cited). We are satisfied, upon consideration of the parties' competing visions of this case, that the Commission's determinations here constituted a valid exercise of discretion.
 
 
 9
 An appropriate order will issue accordingly.
 
 
 
 *
 Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)
 
 
 *
 Williston now concedes that these pending state court proceedings render unripe for review its other claims (principally seeking relief from retroactive imposition and collection of incentive prices granted to producers under section 107(c)(5) of the Natural Gas Policy Act, 15 U.S.C. Sec. 3317(c)(5)). See Reply Brief for Petitioner at 2-3. In these circumstances, we see no reason to accept Williston's suggestion to vacate any portion of FERC's orders under review
 In addition, Williston has brought litigation in federal district court challenging the procedures by which the Bureau of Land Management, Department of the Interior, reached the conclusion that the gas in question satisfied the requirements for being deemed "tight formation" natural gas for purposes of section 107(c)(5) of the NGPA, 15 U.S.C. Sec. 3317(c)(5). See Williston Basin Interstate Pipeline Co. v. Burford, Civ. No. 87-1757 (D.D.C., filed June 29, 1987). As we understand its position, Williston is there maintaining that the Bureau of Land Management took this action, eventuating in FERC's approval, without affording sufficient notice to Williston or an opportunity for Williston to be heard in opposition to ARCO's request. That litigation is at an early stage, with motions to dismiss filed by FERC and ARCO (an intervenor). Counsel for the Commission indicated to the court that the Commission would be mindful of the results of that litigation in any future or further proceedings.